# ARNOLD & PORTER LLP

**Christopher S. Rhee**
Christopher.Rhee@aporter.com

+1 202.942.5524
+1 202.942.5999 Fax

555 Twelfth Street, NW
Washington, DC 20004-1206

January 27, 2014

**BY CM/ECF AND FEDEX**

Mark J. Langer
Clerk of the Court
United States Court of Appeals for the District
  of Columbia Circuit
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, N.W.
Washington, D.C. 20001

      Re:    *In re Andre Williams - Nos. 12-3037, 13-3060 (consolidated)*

Dear Mr. Langer:

      Pursuant to Federal Rule of Appellate Procedure 28(j), Petitioner Andre Williams respectfully advises the Court of supplemental authority that has come to his attention since he filed his reply brief. On August 7, 2013, the U.S. District Court for the Middle District of Florida granted a Section 2255 motion filed by Ralph E. Brazel. *See* Order, No. 8:12-cv-210 (M.D. Fla. Aug. 7, 2013) (enclosed). Citing *Graham v. Florida*, 130 S. Ct. 2011 (2010), the court reduced Mr. Brazel's sentence from life imprisonment to 25 years. *Id.* The order followed a joint stipulation of the parties, which stated in part: "[i]n light of the Supreme Court's recognition that juveniles may in certain circumstances be less culpable than their adult cohorts, the parties agree that a reduction in Brazel's sentence from life imprisonment to 25 years' imprisonment is appropriate." *See* Joint Stipulation Regarding Disposition of 28 U.S.C. § 2255 Motion, No. 8:12-cv-210 (M.D. Fla. Aug. 5, 2013) (enclosed).

      The order and stipulation in Mr. Brazel's case are relevant to Mr. Williams's argument that he has made a *prima facie* showing that his sentence was unconstitutional under *Graham,* notwithstanding that he was convicted of participating in a conspiracy straddling the age of majority. *See* Pet'r's *Graham* Br. 32-37. The government has acknowledged that Mr. Brazel, like Mr. Williams, was convicted of participating in a conspiracy "that began when [he was a] juvenile but continued after [he] reached the age

ARNOLD & PORTER LLP

Mark J. Langer,
Clerk of the Court
January 27, 2014
Page 2


of 18." Letter from Acting Solicitor General Neal Katyal to Hon. William Suter (May 24, 2010), at 2 (referring to Mr. Brazel by his inmate number) (enclosed). The United States' agreement in *Brazel* that a defendant convicted of a straddling conspiracy can win Section 2255 relief under *Graham* thus undercuts its position in this case that Mr. Williams cannot establish a *prima facie* case. *See* Pet'r's Reply Br. 23-29; *see also* Gov't Br. 34.

Respectfully submitted,

/s/ Christopher S. Rhee

Christopher S. Rhee


Enclosures


cc: Counsel of Record

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2014, I caused the foregoing *Notice of Supplemental Authority Pursuant to Federal Rule of Appellate Procedure 28(j)* to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit via the Court's appellate Case Management/Electronic Case Files (CM/ECF) system.  Participants in the case who were registered CM/ECF users were served by the CM/ECF system at that time.

Further, I hereby certify that I dispatched four (4) paper copies to a third party commercial carrier for delivery to the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit.  In addition, two (2) paper copies will be served via Federal Express Priority Overnight on the following party:

**James M. Perez**
**United States Attorney's Office, District of Columbia**
**Criminal Division, Appellate Staff**
**555 Fourth Street, N.W., Room 8104**
**Washington, D.C. 20530**


/s/ *Elisabeth Theodore*
Elisabeth Theodore

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RALPH EDWIN BRAZEL, JR.,

v.  Case No. 8:91-cr-300-T-17TGW
8:12-cv-210-T-17TGW

UNITED STATES OF AMERICA.
_____

O R D E R

This cause is before the Court on the parties' joint stipulation regarding disposition of 28 U.S.C. § 2255 motion (hereinafter "motion to vacate" or "motion") filed by the parties. (Doc. cv-25).

### Discussion

In light of the Supreme Court's recognition that juveniles may in certain circumstances be less culpable than their adult cohorts, the parties agree that a reduction in Brazel's sentence from life imprisonment to 25 years incarceration is appropriate. *See Graham v. Florida,* 130 S.Ct. 2011 (2010)(holding that life in prison without parole for juveniles who commit nonhomicide offenses violates the Eighth Amendment).

Accordingly, the Court orders:

1. Brazel's motion to vacate, set aside, or correct sentence (Doc. cv-1; cr-901) is granted.

2. The Clerk is directed to enter judgment in favor of Brazel and against the Government and to close this case.

3. The Clerk is directed to vacate the judgment in Case No. 8:91-cr-300-T-17TGW entered August 9, 1993 (Doc. 398).

4. The Clerk is directed to enter a new judgment in Case No. 8:91-cr-300-T-17TGW, reducing Brazel's sentence to 300 months incarceration or time served, whichever is greater, followed by 120 months supervised release, and leaving intact all other terms and provisions of the original judgment, entered on August 9, 1993.

Brazel does not request a hearing in this matter, as the new sentence is entered pursuant to the stipulation; he waives his right to be present at a resentencing hearing; and consents to being resentenced as set out above, and as stated in the joint stipulation.

ORDERED at Tampa, Florida, on August 7, 2013.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Walter Furr
Counsel of Record
Cindy-Leigh Martin, Court Room Deputy

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RALPH BRAZEL,**

    **Petitioner,**

**V.**

                                        **CASE NO. 8:12-CV-210-T-17TGW**
                                        **CASE NO. 8:91-CR-300-T-17TGW**

**UNITED STATES OF AMERICA,**

    **Respondent.**
_____/

**JOINT STIPULATION REGARDING DISPOSITION OF 28 U.S.C. § 2255 MOTION**

Petitioner Ralph Brazel, by and through his undersigned attorney, and the United States of America, by and through A. Lee Bentley, III, Acting United States Attorney for the Middle District of Florida, hereby stipulate and agree as follows:

    1.    In light of the Supreme Court's recognition that juveniles may in certain circumstances be less culpable than their adult cohorts, the parties agree that a reduction in Brazel's sentence from life imprisonment to 25 years' imprisonment is appropriate. *See Graham v. Florida*, 130 S. Ct. 2011 (2010) (holding that life in prison without parole for juveniles who commit nonhomicide offenses violates the Eighth Amendment).

    2.    Petitioner Brazel's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, should be granted, and he should be re-sentenced to 25 years (300 months) of imprisonment, or time served, whichever is greater, followed by 120 months' supervised release.

    3.    If the Court enters an order consistent with this stipulation, and re-sentences Petitioner Brazel to 300 months' imprisonment, followed by 120 months' supervised release, Petitioner Brazel does not request a hearing in this matter, waives his right to be present at a re-

sentencing hearing, and consents to being re-sentenced to 300 months' imprisonment and 120 months' supervised release without his presence.

In light of the above, the parties respectfully request that the Court:

a. Grant Petitioner Brazel's § 2255 motion;

b. Direct the Clerk of Court to enter judgment in favor of Petitioner Brazel and against the United States in this civil § 2255 case, and then to close this case;

c. Vacate the judgment in Case No. 8:91-Cr-300, entered August 9, 1993, Docs. 397, 844-7; and

d. Enter an amended judgment in Case No. 8:91-Cr-300, reducing Mr. Brazel's sentence to 300 months' imprisonment or time served, whichever is greater, followed by 120 months' supervised release, and leaving intact all other terms and provisions of the original judgment, entered on August 9, 1993.

Respectfully Submitted this 5th day of August 2013.

| | |
|---|---|
| A. Lee Bentley, III<br>Acting United States Attorney | Donna Lee Elm<br>Federal Public Defender |
| */s/ Walter E. Furr, III*<br>Walter E. Furr, III<br>Assistant United States Attorney<br>Florida Bar No. 288470<br>400 N. Tampa Street, Suite 3200<br>Tampa, FL 33602<br>Telephone: (813) 274-6000<br>Facsimile: (813) 274-6187<br>Email: walter.furr@usdoj.gov<br>Counsel for the United States | */s/ Rosemary Cakmis*<br>Rosemary Cakmis<br>Assistant Federal Defender<br>Florida Bar No. 343498<br>201 S. Orange Ave., Suite 300<br>Orlando, FL  32801<br>Telephone: (407) 648-6338<br>Facsimile: (407) 648-6095<br>Email: rosemary_cakmis@fd.org<br>Counsel for Petitioner Brazel |



**U.S. Department of Justice**

Office of the Solicitor General

*Washington, D.C. 20530*

May 24, 2010

Honorable William K. Suter
Clerk
Supreme Court of the United States
Washington, D.C. 20543

       Terrance Jamar Graham v. Florida
       S. Ct. No. 08-7412

Dear Mr. Suter:

    The government respectfully submits this letter to clarify certain information concerning federal inmates that the Court cited in its decision in the above-captioned case.

    The opinion for the Court states that "there are six convicts in the federal prison system serving life without parole sentences for [juvenile] nonhomicide crimes." Slip Op. at 12-13. In support of that statement, the opinion cites data provided to the Court in a letter and attachment from the Federal Bureau of Prisons (BOP) dated April 12, 2010. We are informed that the letter, of which this office became aware only upon the release of the Court's decision, was submitted in response to a confidential request from Court personnel. In view of time constraints associated with the Court's request, BOP was able only to consult its automated inmate records and not other documentation such as presentence investigation reports.

    BOP's letter indicates that the attachment reflects the results of BOP's search of its automated inmate records to "identify inmates in custody who were sentenced in the Federal court to a term of life imprisonment without the possibility of parole, for an offense other than murder committed before the individual's 18th birthday." The attachment lists, among others, six federal inmates who, according to BOP's automated inmate records system, are serving sentences of life for offenses other than murder or carjacking resulting in death. The government assumes that, in identifying "six convicts in the federal prison system serving life without parole sentences for [juvenile] nonhomicide crimes," Slip Op. at 12-13, the Court intended to refer to these six inmates.

    The government has conducted a careful review of presentence investigation reports and other materials concerning these inmates. Based on that review, it appears that none of the six inmates listed in the attachment to BOP's letter is serving a life sentence based solely on a nonhomicide crime completed before the age of 18. Nor is the government aware of any other federal inmate who is serving a life sentence solely for a nonhomicide crime completed before the age of 18.

Five of the six inmates (BOP register numbers 15683-018, 20931-050, 25166-083, 34786-083, and 61025-004) were convicted for criminal conduct — namely, participation in unlawful conspiracies or criminal enterprises — that began when they were juveniles but continued after they reached the age of 18. In addition, the real offense conduct of three of those five (BOP register numbers 20931-050, 34786-083, and 61025-004) involved the killing of another; in one case (BOP register number 34786-083), the inmate was charged with and convicted of murder as a predicate offense for liability under the Racketeer Influenced and Corrupt Organizations Act (RICO).

The sixth inmate (identified by BOP register number 14043-050) completed his offense as a juvenile. That offense, however, involved homicide; he was charged with and convicted of murder as a predicate act under RICO.

Attached is a chart that provides additional detail concerning the age of the inmate at the time of the offense and offense conduct involving the killing of others.

Please do not hesitate to contact me if we can be of further assistance.

Sincerely,

*Neal Kumar Katyal/n*

Neal Kumar Katyal
Acting Solicitor General

Attachment

cc:   See Attached Service List

2

08-7412
GRAHAM, TERRANCE JAMAR
FLORIDA

DREW S. DAYS, III
BRIAN R. MATSUI
MORRISON & FOERSTER LLP
2000 PENNSYLVANIA AVE., N.W.
WASHINGTON, DC 20006

BRYAN S. GOWDY
JOHN S. MILLS
MILLS CREED & GOWDY, P.A.
865 MAY STEET
JACKSONVILLE, FL 32204
904-350-0075
BGOWDY@APPELLATE-FIRM.COM

BRYAN S. GOWDY
JOHN S. MILLS
MILLS CREED & GOWDY, P.A.
865 MAY ST.
JACKSONVILLE, FL 32204
904-350-0075
BGOWDY@APPELLATE-FIRM.COM
904-350-0086   (Fax)

GEORGE C. HARRIS
MORRISON & FOERSTER LLP
425 MARKET STREET
SAN FRANCISCO, CA 94105

EDWARD C. HILL, JR.
JOSHUA R. HELLER
OFFICE OF THE ATTORNEY GENERAL
PL-01 THE CAPITOL
TALLAHASSEE, FL 32399-1050
850-414-4593
850-922-6674   (Fax)

08-7412
GRAHAM, TERRANCE JAMAR
FLORIDA

        KENT S. SCHEIDEGGER
        LAUREN J. ALTDOERFFER
        JANICE C. CHIOU
        CRIMINAL JUSTICE LEGAL FOUNDATION
        2131 L STREET
        SACRAMENTO, CA 95816
        916-446-0345

Attachment to Letter to William K. Suter, re: *Terrance Jamar Graham v. Florida*, S. Ct. No. 08-7412, May 24, 2010   Page 1

| Inmate | Offense(s) of conviction | Juvenile status at time of offense | Offense conduct involving the killing of others |
|---|---|---|---|
| Corey Grant, 14043-050 | RICO conspiracy and RICO, based on predicate acts including murder and attempted murder; conspiracy to distribute and possess with intent to distribute cocaine; possession with intent to distribute cocaine; possession of a firearm during a crime of violence | Offense concluded at age 16 | Charged with and convicted of murder as a RICO predicate act |
| Ralph Edwin Brazel, 15683-018* | Conspiracy to distribute cocaine base; distribution of cocaine base | Offense began before age 18; defendant turned 18 during the course of the conspiracy, approximately two weeks before his arrest | |
| Juan Antonio Santiago-Vazquez, 20931-050 | Conspiracy to distribute heroin, cocaine, cocaine base, and marijuana | Offense began before age 18; continued until age 21 | Along with co-conspirators, killed or procured the killing of others |

Attachment to Letter to William K. Suter, re: *Terrance Jamar Graham v. Florida*, S. Ct. No. 08-7412, May 24, 2010   Page 2

| | | | |
|---|---|---|---|
| Ronald Jourdan Evans, 25166-083* | Conspiracy to distribute and possess with intent to distribute heroin, cocaine, and a mixture containing cocaine base; possession with intent to distribute heroin, cocaine, and a mixture or substance containing cocaine base | Offense began before age 18; defendant turned 18 during the course of the conspiracy, approximately nine months before he was indicted | |
| Albert Randolph, 34786-083 | RICO, based on predicate acts including murder | Offense began before age 18; continued until age 23; committed murder at age 16 | Charged with and convicted of murder as a RICO predicate act |
| Leonard Brown, 61025-004* | Conspiracy with intent to distribute cocaine and cocaine base; conspiracy to import cocaine; possession with intent to distribute cocaine and cocaine base; conspiracy to use and carry a firearm during and in relation to a drug trafficking crime | Offense began before age 18; continued until age 19 | Along with co-conspirators, participated in the killing of others |

* Sentenced to concurrent terms of life imprisonment for offense(s) completed as a juvenile and for offense(s) completed after age 18.